**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| vs. ) | **CRIMINAL ACTION NO. 10-0032-KD** |
| **ALCIDES SABINA,** ) | |
| **Defendant.** ) | |

**ORDER**

This action is before the Court on defendant Alcides Sabina's "Request and Authorization for Expert Services" (doc. 361). Sabina moves for "authorization to obtain the service" of an interpreter (*Id)*. Upon consideration, and for the reasons set forth herein, the request is DENIED at this time.

Title 18 U.S.C. § 3006A(e)(1) provides that

> (1) Upon request.--Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

18 U.S.C. § 3006A(e)(1).

Payment for the total costs for services obtained without prior authorization "may not exceed $800 and expenses reasonably incurred". 18 U.S.C. § 3006A(e)(2). However, the Court "may, in the interests of justice, and upon the finding that timely procurement of necessary services could not await prior authorization, approve payment for such services after they have been obtained, even if the cost of such services exceeds $800." 18 U.S.C. § 3006A(e)(2).

The docket indicates that Sabina was financially unable to obtain counsel and counsel was appointed. In the request, counsel certifies that interpreter services were necessary for adequate representation. Therefore, the Court finds that the services of an interpreter were necessary and that Sabina was financially unable to obtain the expert services.

However, in the request, Sabina marked the box: "Authorization to obtain the service" and entered an estimated expense of $1,200.00. Review of the interpreter's invoices, shows that the services were performed <u>before</u> the request was filed with the Court and that the interpreter charged a total of $880.00 for six appointments and a total of $168.00 for travel expenses for a total of $1,048.00. Therefore, to request payment in <u>excess</u> of $800.00 excluding expenses, for services already obtained, Sabina should have marked the box: "Approval of services already obtained . . ." and more importantly, provided the Court with information as to why procuring the services could not have awaited prior authorization. Accordingly, Sabina's request is DENIED at this time.

**DONE** and **ORDERED** this October 11, 2012.

    **s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**